UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eliexer C.-R.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David J. Venturella, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; Eric Tollefson, *Kandiyohi County Sheriff*,

Respondents.

File No. 26-cv-03631 (ECT/ECW)

**OPINION AND ORDER**

---

Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R") dated September 11, 2026. ECF No. 8. Judge Wright recommended that Petitioner Eliexer C.-R.'s Petition for Writ of Habeas Corpus [ECF No. 1] be granted and that Eliexer be immediately released [ECF No. 8 at 24].[1] Respondents[2] objected to the R&R [ECF No. 9], triggering de novo review pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

Eliexer is a citizen of Nicaragua. Pet. ¶ 12. He entered the United States "without inspection on or around March 5, 2021." *Id*. In May 2023, Eliexer "was charged with

[1] Page citations are to the pagination assigned by the court's CM/ECF system appearing in a document's upper right corner, not to a document's original pagination.

[2] "Respondents" refers to Acting Attorney General Blanche, Secretary Mullin, Acting Director Venturella, and Acting Director Easterwood. Sheriff Tollefson has not appeared in these proceedings.

Misdemeanor Fourth Degree DWI." *Id.* ¶ 20. He "pled guilty to Misdemeanor Careless Driving and was convicted of the same on July 24, 2025." *Id.* Eliexer was arrested on July 14, 2026 after an alleged probation violation and was subsequently held at the Benton County Jail. *Id.* ; ECF No. 1-2 ¶¶ 2–4. At a court appearance on July 15, 2026, Eliexer was ordered released. Pet. ¶ 20; ECF No. 1-2 ¶ 4. Also on July 15, 2026, Respondents "lodged an Immigration Detainer . . . for [Eliexer] at Benton County Jail" [ECF No. 6 ¶ 5; ECF No. 6-3], issued and served an I-200 Warrant for Arrest of Alien [ECF No. 6 ¶¶ 5–6; No. 6-2], took Eliexer into custody [ECF No. 6 ¶ 6], and issued and served a Notice to Appear [ECF No. 6 ¶¶ 5, 7; ECF No. 6-4].[3] Eliexer was transported to the Kandiyohi County Jail, where he "remains confined." Pet. ¶ 21; ECF No. 6 ¶ 8. Relevant to this order, it is unclear whether Respondents issued Eliexer's Notice to Appear before or after he was transported to Kandiyohi County Jail. Eliexer's Notice to Appear states that Eliexer is "currently residing at" "Kandiyohi County Jail." ECF No. 6-4 at 4. The declaration submitted by Respondents notes only that Respondents "issued . . . a Notice to Appear" on July 15, 2026 and that, on the same day, Respondents "served Petitioner with a Notice to Appear." ECF No. 6 ¶¶ 5, 7.

Eliexer filed this habeas petition on August 14, 2026. *See* Pet. Eliexer contends that his detention violates the Fifth Amendment, the Fourth Amendment, the Administrative Procedure Act, and the *Accardi* Doctrine. *See id.* ¶¶ 49–77. Eliexer seeks release, or, in the alternative, a bond hearing. *Id.* at 28–29.

---

[3] The declaration provided by Respondents explains that Eliexer was taken into custody on July 15, *2025*, not July 15, *2026*. *See* ECF No. 6 ¶ 6. The parties, however, do not dispute that this event occurred on July 15, 2026. *See* Pet. ¶ 16 ("[Eliexer] was arrested by an ICE agent on July 15, 2026); ECF No. 5 at 1 (noting in the response brief that "[o]n July 15, 2026, Respondents served the I-200 warrant and took [Eliexer] into custody").

In the R&R, Judge Wright recommended that Eliexer's Petition be granted and that he be released. ECF No. 8 at 22–23. Judge Wright determined that Eliexer was detained pursuant to 1226(a), rather than 1225(b)(2)(A). *Id.* at 9–10. Judge Wright then examined the circumstances of Eliexer's detention and concluded, in part, that because the record is unclear as to whether Eliexer's Notice to Appear preceded his warrant and because Respondents "appear to concede a violation of section 236.1," which authorizes the arrest of a noncitizen pursuant to an I-200 warrant "[a]t the time of issuance of the notice to appear, or at any time thereafter," 8 C.F.R. § 236.1(b)(1), Eliexer's "arrest was pursuant to an invalid warrant and therefore unlawful." *Id.* at 12–15.

Respondents first object to Judge Wright's determination that Eliexer was detained pursuant to 8 U.S.C. § 1226(a). *See* ECF No. 9 at 1–2. Relying on the I-200 warrant's language, Judge Wright concluded that Eliexer was detained pursuant to § 1226, and, therefore, a warrant was required for his arrest pursuant to § 1226. ECF No. 8 at 9–10. I have previously come to the opposite conclusion. *See Venancio P.J. v. Blanche*, No. 26-cv-2740 (ECT/JFD), 2026 WL 1862252, at *2 (D. Minn. June 29, 2026). For the reasons explained in that case, I determine that Respondents detained Eliexer pursuant to § 1225(b)(2)(A).

My determination that Eliexer was detained pursuant to § 1225(b)(2)(A) does not, however, mean that Respondents were permitted to arrest him without a valid warrant. *See Islamuddin A. v. Blanche*, No. 26-cv-3340 (ECT/JFD), 2026 WL 2546280, at *4 (D. Minn. Aug. 28, 2026). The great weight of persuasive authority from this District supports the legal conclusion that a warrantless arrest under 8 U.S.C. § 1225(b)(2) must comply with § 1357.

*See id.* (collecting cases). Respondents therefore needed either a valid warrant or compliance with § 1357. *See id.* This conclusion leads to Respondents' second objection.

Respondents object to Judge Wright's determination that Eliexer's warrant was invalid.[4] *See* ECF No. 9 at 2. While, as Respondents note, "the record is not clear if the I-200 was served shortly before or shortly after the issuance of the Notice to Appear" [ECF No. 5 at 24], the burden is on Eliexer, the petitioner, to prove illegal detention by a preponderance of the evidence, s*ee Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025) (collecting cases); *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. June 17, 2025). Here, the evidence is ambiguous as to whether Eliexer's Notice to Appear preceded his warrant. Eliexer's warrant and Notice to Appear were issued on the same day: July 15, 2026. *See* ECF No. 6 ¶ 5; ECF No. 6-2; ECF No. 6-4. In the declaration provided by Respondents, Deportation Officer Phillip Oelfke testified that Eliexer's Notice to Appear was also "served" on July 15, 2026, although Officer Oelfke did not specify whether Eliexer's Notice to Appear was served at Benton County Jail (where Eliexer's warrant was served), or whether the Notice to Appear was served at another location or at another time. ECF No. 6 ¶ 7.[5] Further, while Eliexer's Notice to Appear states that Eliexer is "currently residing at" "Kandiyohi County Jail" [ECF No. 6-4 at 4], this, alone, is not enough to demonstrate that Eliexer's Notice to Appear succeeded his warrant. This notation on Eliexer's Notice to Appear could have been made prior to Eliexer's arrest, in anticipation of Eliexer's transfer to Kandiyohi County Jail, or it could be evidence that the Notice to Appear was issued after

---

4 Respondents rely on their previous briefing on this point. *See* ECF No. 9 at 2.

5 Eliexer's Notice to Appear is not time-stamped. *See* ECF No. 6-4.

Eliexer arrived at the Kandiyohi County Jail. On this record, Eliexer has not demonstrated by a preponderance of the evidence that Respondents issued his Notice to Appear after his warrant and that his warrant was therefore invalid at the time of his arrest. Because I conclude that Eliexer has not met his burden here, Eliexer's Petition will be denied.[6]

[6] Eliexer alleges that his detention violates Fifth Amendment procedural due process, the Administrative Procedure Act, and the *Accardi* doctrine. *See* Pet. ¶¶ 49–56, 61–77. These claims also fail.

*First*, I have previously held that mandatory detention under § 1225(b)(2)(A) is acceptable "for as long as deportation proceedings are still pending." *Jackson T.C. v. Blanche*, No. 26-cv-02811 (ECT/SGE), 2026 WL 2664463, at *5 (D. Minn. Sept. 10, 2026) (quoting *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024)); *see also Eliseo C. v. Blanche*, No. 26-cv-2282 (ECT/SGE), 2026 WL 2683449, at *3-4 (D. Minn. June 29, 2026). Eliexer's Fifth Amendment claim therefore fails.

*Second*, Eliexer contends that Respondents violated the Administrative Procedure Act because they arrested him without a warrant and pursuant to § 1226(a), because they "failed to conduct an interview of [Eliexer] by someone other than the arresting officer" under 8 C.F.R. § 287.3(c), and because they did not properly apply § 1357's warrantless arrest requirements. Pet. ¶¶ 61–67. But Eliexer's § 1226(a) and § 1357 arguments are foreclosed by the above analysis. And Eliexer has not identified how his remaining Administrative Procedure Act claim, the violation of 8 C.F.R. § 287.3(c), constitutes final agency action, as is required for judicial review. *See Minnesota v. Trump*, No. 25-cv-1608 (ECT/DLM), 2026 WL 2295012, at *8–9 (D. Minn. Aug. 10, 2026) (describing the final agency action requirement).

*Finally*, Eliexer claims that Respondents violated the *Accardi* doctrine in numerous ways. Some of Eliexer's *Accardi* claims, like his Administrative Procedure Act claims, are foreclosed by the above analysis. *See* Pet. ¶¶ 70–71. And Eliexer's remaining *Accardi* claims fail because Eliexer has not alleged facts identifying how these claims, if true, "affect[ed his] individual rights." *United States v. Lee*, 274 F.3d 485, 493 (8th Cir. 2001).

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 8] is **REJECTED** as described above;

2. Respondents' objections [ECF No. 9] are **GRANTED** as described above; and

3. Petitioner Eliexer C.-R.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 20, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court